IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PATRICK ARVIND GHOSH, PRO SE, <br> also known as PATRICK GHOSH, <br> TDCJ-CID No. 1210558, <br> Previous TDCJ-CID No. 438014, <br><br> Plaintiff, <br><br> v. <br><br> Warden GREGORY S. DAVID, ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:16-CV-0173 |

**REPORT AND RECOMMENDATION TO DENY INJUNCTIVE RELIEF**

Plaintiff PATRICK ARVIND GHOSH, acting *pro se*, filed a January 20, 2017, Motion for Preliminary Injunction and Temporary Restraining Order in the above-referenced and numbered cause.

The grant or denial of a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984). It is typically granted pending trial on the merits in order to maintain the status quo between the litigants and to prevent irreparable harm that may result before a dispositive trial. *Shanks v. City of Dallas, Texas,* 752 F.2d 1092, 1096 (5th Cir. 1985). That authority is to be used "sparingly and only in the most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n,* 542 U.S. 1305, 1306, 125 S. Ct. 2, 3–4, 159 L. Ed. 2d 805 (2004).

> Rule 65 of the Federal Rules of Civil Procedure provides, in relevant part:
> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's

attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.PRO. 65(b).

In order to secure a preliminary injunction a movant has the burden of proving four elements:

    1.    A substantial likelihood of success on the merits;

    2.    A substantial threat that movant *will suffer* irreparable injury if the injunction is not issued;

    3.    The *threatened injury* to the movant outweighs any damage the injunction might cause to the nonmovant; and

    4.    The grant of a preliminary injunction will not disserve the public interest.

*Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A preliminary injunction is an extraordinary remedy and is not granted unless the movant clearly satisfies each one of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 318 F.3d 535, 545 (5th Cir. 2005 (citations omitted).

Because this case concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1). In particular the PLRA prohibits an order granting

prospective relief or a preliminary injunction unless the court first finds that such relief is "(1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm." See 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. See 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2); see also Nelson v. Campbell, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004).

A "current and ongoing" violation is one that "exists at the time the district court conducts the § 3626(b)(3) inquiry." Castillo v. Cameron Cty., Tex., 238 F.3d 339, 353 (5th Cir. 2001) (citing Cason v. Seckinger, 231 F.3d 777, 784 (11th Cir.2000); Hadix v. Johnson, 228 F.3d 662 (6th Cir.2000)(stating that "the PLRA directs a district court to look to current conditions"); Benjamin v. Jacobson, 172 F.3d 144, 166 (2d Cir.1999) ("Evidence presented at a prior time could not show a violation that is 'current and ongoing.'").

The Court must determine if the plaintiff has met his burden on the four prerequisites to a preliminary injunction and determine if such extraordinary relief is appropriate in this case. Plaintiff, in his original suit, alleges that the seven named defendants violated his constitutional rights through their involvement in a Texas Department of Criminal Justice (TDCJ) disciplinary case brought against plaintiff. This disciplinary case resulted in a disciplinary conviction which plaintiff seeks to have removed from his inmate record. Plaintiff alleges he has filed grievances against named defendants.

In his motion for a temporary restraining order and/or injunctive relief, plaintiff alleges that individuals who are not parties to his civil lawsuit have violated his constitutional rights.

Specifically, plaintiff alleges three (3) TDCJ officers were disclosing plaintiff's personal information, including his criminal charges and labeling plaintiff as a sex offender, to gang members. Additionally, plaintiff alleges this was done in retaliation for filing grievances (the assumption being the retaliation occurred because of the grievances he filed against named parties to this lawsuit). The plaintiff attached a Step 1 Grievance dated January 13, 2017. The attached grievance does not contain the TDCJ response to the grievance and does not indicate a "received" date by the TDCJ. The grievance names the TDCJ officials whom he claims made these statements: CO Coleton B. Bolin; CO Austin C. Johnson, and CO Joshua S. Sanders.

Plaintiff's request for a temporary restraining order and/or preliminary injunction presents a jurisdictional issue. The three individuals listed in the January 13, 2017 grievance filed by plaintiff and discussed in the motion for injunction are not parties to plaintiff's original suit. An inmate seeking an injunction on the ground that there is "a contemporary violation of a nature *likely to continue* must adequately plead such a violation ... that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, *and that they will continue to do so*; and finally to establish eligibility for an injunction, the inmate must demonstrate the *continuance of that disregard* during the remainder of the litigation and into the future." *Farmer v. Brennan*, 511 U.S. 825, 845–47, 114 S. Ct. 1970, 1983–84, 128 L. Ed. 2d 811 (1994) (emphasis added). Because the inmate plaintiff must adequately plead an ongoing risk of harm that will continue into the future if the injunction is not granted, parties to the injunction must be provided with notice and a reasonable opportunity to dispute plaintiff's allegations. Rule 65(a) states that "[n]o preliminary injunction shall be issued without notice to the adverse party." This notice requirement, with few exceptions, implies "a hearing in which the defendant is given a fair

4

opportunity to oppose the application and to prepare for such opposition." *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*, 415 U.S. 423, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974). Thus, if the Court did find the plaintiff's motion for an injunction met the four prerequisites to issuance, the Court must also first give notice to any party affected by the issuance of an injunction prior to such issuance.

On February 2, 2017, the plaintiff submitted two affidavits (his own and another inmate's) to attach to his motion for preliminary injunction. In these affidavits, plaintiff and the other inmate, one Craig Smith, allege that an Officer Sanders (a party NOT named in the original lawsuit) attempted to talk to him about his grievances and the present lawsuit and was told not to do so by another officer. Mr. Smith also alleges that three officers told him plaintiff was a sex offender (however, there is no statement in the affidavit that Mr. Smith or anyone who overheard this remark is a gang member). Plaintiff alleges that he discussed the issue with a TDCJ supervisor, who also stated he would speak with Officer Sanders. The affidavits are not specific about any statements made by Officer Sanders to the plaintiff directly. Nothing in the affidavits lays forth a plausible set of facts why these three officers named in the January 13, 2017, grievance would act in retaliation for a lawsuit filed by plaintiff which does not name these officers as parties.

In the instant case, plaintiff has not sustained his burden on any, much less all, of the four prerequisites to issuance of a preliminary injunction or temporary restraining order listed above. Plaintiff has alleged three officers not named in his original suit have released information regarding his criminal history to gang members. Plaintiff has alleged these statements are actionable, but has not asked to amend his original complaint or filed a new complaint against

these three individuals. The Court must determine if injunctive relief is necessary to allow plaintiff to pursue his case in court. No arguments made by plaintiff in his request for injunctive relief show a likelihood of prevailing on the success of his original complaint. Plaintiff has made generalized, conclusive allegations that the statements of these three officers are dangerous to the plaintiff, but has failed to articulate any specific facts (i.e. threats by gang members, being left by officers along with gang members that believe him to be a sex offender, etc.) showing he is in any immediate danger necessitating an injunction. He has failed to articulate specifically *who* he wants enjoined from specifically *what* behavior. Plaintiff has failed to allege any threatened injury to the plaintiff, and finally he has not articulated what public interest will be served by issuance of the injunction.

## CONCLUSION AND RECOMMENDATION

Because GHOSH has failed to meet his burden of proof on the four prerequisites to issuance of a preliminary injunction or temporary restraining order, it is RECOMMENDED his Motion for a preliminary injunction or a temporary restraining order be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

Entered this the _____ day of February, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

16-0173.GHOSH.DENY.P/O&TRO: 4